UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| BOARD OF SUPERVISORS OF | CIVIL ACTION |
| LOUISIANA STATE UNITVERSITY | |
| VERSUS | NO. 11-149 |
| JAZZY WHEELS, L.LC., ET AL. | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand filed by the Board of Supervisors of the Louisiana State University. (Doc. 21). This case arises out of a civil petition for expropriation filed on October 27, 2010, by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") against Jazzy Wheels, L.L.C. ("Jazzy Wheels") in Civil District Court for the Parish of Orleans, State of Louisiana concerning Jazzy Wheels' property at 1911-13 Palmyra Street, New Orleans, LA 70112. (Notice of Removal, Doc. 1, ¶1). That property was subject to a multiple indebtedness mortgage in favor of the United States Small Business Administration ("SBA"). As a result, on December 28, 2010, LSU filed a first amended Petition for Expropriation naming as an addition defendant the United States.

On January 3, 2011, the United States was served with a citation, a copy of the original petition and the first amended petition and it removed this matter to federal court on January 24, 2011. On May 19, 2011, Jazzy Wheels filed an Unopposed Motion to Withdraw and Disburse Funds with this Court seeking to withdraw certain funds deposited into the registry of the Court by the Board of Supervisors which motion was granted on May 24, 2011. The United States was dismissed with prejudice on November 29, 2011. As such, federal jurisdiction based on the United States being a defendant ended and this Court continued to exercise jurisdiction pursuant to its supplemental jurisdiction as set forth under 28 U.S.C. § 1367.

On December 21, 2011, the Board filed a Motion to Remand pursuant to 28 U.S.C. § 1447 calling into question whether this Court should decline to exercise its supplemental jurisdiction over this claim as provided for pursuant to 28 U.S.C. § 1367 (c)(3) where as here the district court has dismissed all claims over which it had original jurisdiction.  As stated in *Brookshire Brothers Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595 (5th Cir. 2009), "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive."

The key to the inquiry as to whether a court abuses its discretion should it refuse to entertain supplemental jurisdiction is whether " a significant amount of judicial resources in the litigation" has been expended.  *Id.* at 602; *Batiste v. Island Records,Inc.,* 179 F.3d 217, 227 (5th Cir. 1999).  This exercise requires not only the application of §1367 but the balancing of the relevant factors of judicial economy, convenience, fairness and comity that the Supreme Court outlined in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350-51 (1988) and *United Mine Workers v. Gibbs*, 383 U.S.5, 726 (1966).

In the instant case, there has been no exercise of judicial resources other than to resolve the SBA loan issue.  This matter has not been set for trial, no scheduling order has been issued and to the Court's knowledge, no discovery has taken place.  Clearly, this matter should be remanded to Civil District Court which is peculiarly well-suited to adjudicate the property value which is at the heart of this dispute.  This matter was filed in state court by the Board and was only removed as the result of the issue of the SBA loan.  That issue was resolved without the

expenditure of any substantial judicial resources. As such, this matter should be remanded to state court. Accordingly,

**IT IS ORDERED** that the Motion to Remand (Doc. 20) is **GRANTED** and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 2010-10984, Division E, Section 7.

New Orleans, Louisiana, this 15th day of June, 2012.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

th